IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MIGUEL ANGEL DE LEON ROSALES,** *

    **Petitioner,** *

v. *     Civ. No. DLB-26-132

**NIKITA BAKER,** *Acting Director of the U.S.* *
*Immigration and Customs Enforcement*
*Baltimore Field Office*, *et al.*, *

    **Respondents.** *

## ORDER

Miguel Angel de Leon Rosales, a citizen of Guatemala, filed this petition for a writ of habeas corpus on January 14, 2026. ECF 1. Rosales alleges that he entered the United States without inspection in 2009. He further alleges that on or about January 13, 2026, he was apprehended by Immigration and Customs Enforcement ("ICE") while driving to work. He filed this petition while detained by ICE in Baltimore.

The government considers Rosales to be detained pursuant to 8 U.S.C. § 1225(b)(2)(A), a statute that does not allow those detained under its authority to receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Rosales argues that his detention is governed by 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings. He seeks, among other things, an order requiring the respondents to release him or provide him with a bond hearing.

The U.S. District Court for the Central District of California recently has certified a nationwide class defined as "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), §

1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." See ECF 82, at 15, in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Nov. 25, 2025). The parties agree that, on the face of his petition, Rosales meets the class definition. On December 18, 2025, the *Maldonado Bautista* Court entered a final judgment declaring that members of the class "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and that they are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." ECF 94, at 2, in *Maldonado Bautista*. This Court concurs in the *Maldonado Bautista* Court's decision.[1]

The Court therefore finds that Rosales is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2). Rosales may request and is entitled to a bond hearing before an immigration judge. Accordingly, it is this 14th day of January, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1) Rosales's petition for a writ of habeas corpus is GRANTED, in that, within 5 days of the date of this Order, he shall receive an initial determination by an immigration officer regarding bond or detention;

2) If Rosales is not released on bond by the immigration officer, he is entitled, upon his request, to receive a bond hearing before an immigration judge within 7 days of this Order;

---

[1] In a recent decision, the Board of Immigration Appeals—the administrative appellate body that oversees the country's immigration courts—concluded that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025). The Court disagrees with the holding in *Yajure Hurtado* and agrees with its colleagues in this district that *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025).

3) If Rosales is not provided both forms of process within the time frames ordered above, the respondents SHALL RELEASE Rosales from custody;

4) The parties SHALL FILE a status report with the Court as soon as possible following the proceedings before an immigration officer and an immigration judge, but in any event no later than within 14 days of this Order; and

5) The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge